UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KHALID GANI,** | ) |
| | ) |
| Plaintiff, | ) Case No. 1:25-cv-01084 |
| | ) |
| v. | ) |
| | ) |
| **JUGGERNAUT TATTOO LLC,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

**NOW COMES** Khalid Gani ("Plaintiff"), by and through their undersigned counsel, complaining of Juggernaut Tattoo LLC ("Defendant"), as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), seeking redress for Defendants race-based discrimination, race-based harassment, National Origin based discrimination, National Origin based harassment, religion-based discrimination, and retaliation under Title VII.

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as Title VII is a federal statute.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

### ADMINISTRATIVE PREREQUISITES

4. All conditions precedent have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See* attached Exhibit A.

6. Plaintiff received a Notice of Right to Sue from the EEOC. *See* attached Exhibit B.

7. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

## PARTIES

8. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Chicago, Illinois.

9. Defendant is a limited liability company that specializes in providing permanent artwork onto clientele.

10. Defendant operates a facility located in Gurnee, Illinois, where Defendant once employed Plaintiff.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

12. At all times relevant, Defendant had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## FACTUAL ALLEGATIONS

13. Plaintiff was employed by Defendant as a tattoo artist from January 21, 2024, until their unlawful termination on or about November 16, 2024.

14. Plaintiff is a follower, member, or practitioner of the Muslim religious doctrine and practices.

15. Muslim was and/or is incorporated under the Illinois Religious Corporation Act 805 ILCS 110.

16. Muslims have their own holy text, known as the "Qur'an", which is considered to be the word of Allah as revealed to the Prophet Muhammad.

17. As such, Plaintiff is a Middle Eastern Muslim man and a member of a protected class due to their religion (Muslim), National Origin (United Arab Emirates), and race (Middle Eastern).

18. During Plaintiff's employment with Defendant, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected classes and has been subjected to a hostile work environment on the basis of religion, national origin, violating Title VII and Section 1981.

19. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of their employment.

20. Defendant subjected Plaintiff to different terms and conditions of employment than others not within their protected class in violation of Title VII.

21. Beginning in or around March 2024, he owner, Leon Congeni ("Mr. Congeni")(Caucasian), repeatedly made derogatory comments towards Plaintiff mocking his religion.

22. For example, Mr. Congeni would ridicule the way Muslims pray and often ask, "How do you fucking pray?"

23. The derogatory comments towards Plaintiff's religion were inappropriate and contributed to the hostile work environment Plaintiff was subjected to, especially since these interactions would occur every few weeks.

24. Despite expressing Plaintiff's anger towards the comments and stating, "I do not accept your apology; you do not understand my culture or religion," the offensive comments persisted despite Plaintiff's direct opposition to the harassment and/or discrimination.

25. Thus, Defendant's inability to discontinue making offensive remarks towards Plaintiff created a hostile and humiliating work environment up until the day of Plaintiff's termination.

26. Plaintiff was in disbelief at how insensitive the work environment was, but it was clear that Mr. Congeni fostered a workplace that catered to prejudiced beliefs as evidenced by further examples.

27. Starting early on in Plaintiff's employment in or around February 2024, Plaintiff's direct manager, Jeremy (LNU, Caucasian), treated Plaintiff differently from his Caucasian colleagues.

28. For example, Jeremy would stand over Plaintiff's shoulder and insist on recounting cash payments Plaintiff collected, a level of scrutiny that was not applied to Plaintiff's Caucasian coworkers.

29. Plaintiff had no instance of any money calculation error to warrant such behavior further evidencing that Plaintiff was being treated differently because of his religion and national origin.

30. Jeremy would also make discriminatory statement about "Spanish workers refusing to speak English in an American country."

31. When Plaintiff would speak Spanish with fellow employees who predominantly spoke Spanish, Jeremy would intervene and say, "Habla Ingles?"

32. This comment reinforced a broader culture of hostility toward minorities and ethnic

4

backgrounds, making Plaintiff feel further alienated and targeted due to his Arabic heritage.

33. In or around October 2024, one of the owners, Tina Congeni ("Ms. Congeni"), made an inappropriate comment towards Plaintiff's girlfriend, who also was a fellow employee, and Plaintiff that was sexually charged.

34. Ms. Congeni said, "Maybe, we should pretend that you are not dating and flirt with customers, so you can get customers in."

35. This comment was inappropriate as Defendant encouraged Plaintiff to use his sex in order to get more customers.

36. Furthermore, Ms. Congeni proceeded to then tell Plaintiff's partner separately, "You should put on a skirt and do a little dance on TikTok so you can get tips."

37. On or around November 16, 2024, Plaintiff was unjustly terminated.

38. As Plaintiff was packing his belongings, Jeremy became accusatory and falsely accused Plaintiff of stealing.

39. Plaintiff yelled back, stating that Plaintiff was not a thief and was only packing his materials.

40. Notably, Jeremy's conduct with a Caucasian employee who was terminated was entirely different. That employee was not subject to this utterly baseless accusation as Plaintiff was which further cemented how bigoted this work environment truly was.

41. Plaintiff engaged in protected activity when they immediately opposed these discriminatory and harassing statements and considered the comments to be highly distasteful and disrespectful.

42. It became clear to Plaintiff they were being singled out and discriminated on the basis of their national origin, race and religion.

43. Plaintiff can show that he engaged in a statutorily protected activity, a necessary component of his retaliation claim- because Plaintiff directly opposed to Defendant about conduct that constituted harassment and/or discrimination.

## COUNT I
**Violation of 42 U.S.C. § 1981**
**(Race-Based Discrimination)**

44. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

45. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

46. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

47. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

48. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

49. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Discrimination)

50. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

51. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's race, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

52. Plaintiff met or exceeded performance expectations.

53. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

54. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

55. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's race.

56. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

57. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of The Civil Rights Act of 1964
### (Race-Based Harassment)

58. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

59. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

60. Defendant knew or should have known of the harassment.

61. The race-based harassment was severe or pervasive.

62. The race-based harassment was offensive subjectively and objectively.

63. The race-based harassment was unwelcomed.

64. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's race, Middle Eastern.

65. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

66. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
**Violation of Title VII of the Civil Rights Act of 1964**
**(National Origin-Based Discrimination)**

67. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

68. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's national origin, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

69. Plaintiff met or exceeded performance expectations.

70. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

71. Defendant terminated Plaintiff's employment on the basis of Plaintiff's national origin.

72. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's national origin.

73. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

74. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT V
### Violation of Title VII of The Civil Rights Act of 1964
### (National Origin-Based Harassment)

75. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

76. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

77. Defendant knew or should have known of the harassment.

78. The national origin-based harassment was severe or pervasive.

79. The national origin-based harassment was offensive subjectively and objectively.

80. The national origin-based harassment was unwelcomed.

81. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's National Origin, United Arab Emirate.

82. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

83. As a direct and proximate result of the national origin-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT VI**
**Violations of Title VII of the Civil Rights Act of 1964**
**(Religion-based Discrimination)**

84. Plaintiff repeats and re-alleges all preceding as though fully set forth herein.

85. "Title VII prohibits employers from 'discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's *race*, color, *religion*, sex, or national origin." *Sklyarsky v. Harvard Maint., Inc.,* 2014 U.S. Dist. LEXIS 96187, at *12 (N.D. Ill. 2014) *citing* 42 U.S.C. §2000e-2(a)(1) (emphasis added).

86. To state a Title VII religious discrimination claim, a plaintiff must allege that (1) their bona fide religious observances or practice conflicts with an employment requirement; (2) they called the observance or practice to their employer's attention; and (3) the religious

10

observance or practice was the basis for an adverse employment decision. *Mahran v. Cnty. Of Cook,* 2023 U.S. Dist. LEXIS 206308, at *5-6 (N.D. Ill. 2023) *citing Adeyeye v. Heartland Sweeteners, LLC*, 721 F. 3d 444, 449 (7th Cir. 2013).

87. Plaintiff's bona fide religious practice of praying to which Defendant made derogatory remarks about consistently.

88. Defendant discriminated against Plaintiff by terminating Plaintiff's employment and treating Plaintiff differently than non-muslim employees.

89. Plaintiff suffered an adverse employment action in the form of termination as a result of Defendant's discrimination.

90. Based on the foregoing, Defendant willfully discriminated against Plaintiff based on their religion in violation of Title VII.

91. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT VII

### Violation of Title VII of The Civil Rights Act of 1964

**(Retaliation)**

92. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

93. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

94. During Plaintiff's employment with Defendant, Plaintiff reasonably opposed to Defendant about conduct that indicates harassment and/or discrimination.

95. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

96. In response to Plaintiff's opposition, Defendant failed to prevent further

recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

97. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

98. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

99. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

100. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**WHEREFORE**, Plaintiff requests the following relief:

a. Judgment in Plaintiff's favor and against Defendants;

b. An award of compensatory damages;

c. An award of punitive damages;

d. An award of pre-judgment and post-judgment interest;

e. An award of reasonable attorney's fees and costs; and

f. Any further relief the Court may deem just and proper.

Dated: January 31, 2025                                                                 Respectfully Submitted,

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148

Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*